that they are issued under and by virtue of section 11 of the act of February 16th, 1859, when it is apparent that they must have been issued under section 19 of the act of January 15th, 1861. That section expressly provides that each renewal draft issued by the clerk "should be confined to the county and district in which it was issued, and out of the fund of which the same is (to be) paid." They were intended to be, and declared to be, "renewals" of the drafts drawn by the levee inspectors of the several levee districts, and, like them, they were made payable in terms out of money in the treasury belonging to the levee district in which the work was done. The bonds in suit declare the "levee treasurer" will pay the sum named therein "in part payment of work done according to contract within and for levee district No. ——." They are not in terms payable out of the funds of any particular district, though the district in which the work was done, on account of which the bond is issued, is mentioned, and inasmuch as the act provides the work done in a district shall be paid for out of the funds of that district, it is probable the legal effect of these bonds is the same as if they had been made payable in terms out of the funds of the district liable for their payment. If this is not so, then the bonds on their face are void for non-compliance with the law, and the levee treasurer, though in possession of funds to do so, would not be authorized to pay them. Martin v. San Francisco, 16 Cal. 285; Bayerque v. San Francisco [Case No. 1,137]. And if they are treated as valid instruments, properly issued under the law, then they are payable only out of the funds of the levee district in which the work was done, and cannot be made the foundation of an action against the county. Dill. Mun. Corp. § 413; Lake v. Trustees of Williamsburgh, 4 Denio, 520; McCullough v. Mayor, etc., of Brooklyn, 23 Wend. 458; Pettis Co. v. Kingsbury, 17 Mo. 479; Campbell v. Polk Co., 49 Mo. 214.

This act of 1869 removed or postponed the bar of the statute of limitations, changed the mode of assessing the lands in the levee districts for levee purposes, and re-enacted with some emphasis the provisions of the act of 1859, relating to the duty of the county court to levy the required tax on the lands in the several levee districts to pay the debts of those districts respectively. This act is not repugnant to the constitution in any of its provisions, but it does not impose the liabilities of the levee district on the county. Judgment for defendant.

---

## BOROUGH OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the names of the boroughs.]

---

BORS (BAETJER v.). See Case No. 724.
3FED.CAS.—58

---

## Case No. 1,664.

### Ex parte BORST.

[The case reported under above title in 1 Gaz. 18, is the same as Case No. 1,665.]

---

## Case No. 1,665.

### In re BORST.

[2 N. B. R. (1868) 171 (Quarto, 62);[1] 1 Gaz. 18.]

District Court, S. D. New York.

BANKRUPTCY—EFFECT OF ADJUDICATION.

A bankrupt cannot be held in the custody of the sheriff of the county on account of a judgment obtained against him for costs in an action in a state court.

[Cited in Re Wright, Case No. 18,065.]

In bankruptcy. John B. Borst was held in custody of the sheriff of the county, on account of a judgment obtained against him for costs, in an action in a state court. Counsel asked his discharge from custody on the ground that there was no authority for holding him for the debt, as he had been declared a bankrupt in the United States courts. THE COURT granted the motion.

---

## Case No. 1,666.

### In re BORST.

[11 N. B. R. (1875) 96.][1]

District Court, S. D. New York.

BANKRUPTCY—DISCHARGE—OPPOSITION.

1. A creditor, who has proved his debt after the time for the hearing of the application for discharge has expired, cannot be heard in opposition to such discharge, nor can his debt be counted among the claims proved, so as to affect the discharge.

[Cited in Re Read, Case No. 11,600; Re Ketchum, 1 Fed. 840; Re Read, 5 Fed. 722.]

2. The hearing of the case on the specification of the grounds of opposition mentioned in general order No. 24, is a different thing from the hearing of the application for discharge mentioned in section 33 of the bankrupt act [of 1867 (14 Stat. 533)].

[In bankruptcy. Application for discharge by John B. Borst.]

R. P. Lee, for creditors.
S. B. M. Stokes, for bankrupt.

BLATCHFORD, District Judge. The time of the hearing of the application for discharge, in the sense of the 33d section, for the purpose of filing the assent of creditors to the discharge, ended on the 27th of January. As the debt of Markert was proved after that, it cannot be counted among the claims proved which are to be taken into account. But I do not see how it makes any difference. With Markert's debt there are

---

[1] [Reprinted from 2 N. B. R. 171 (Quarto, 62), by permission.]
[1] [Reprinted by permission.]